USCA1 Opinion

 

 [Not for Publication] United States Court of Appeals For the First Circuit ____________________ No. 97-1905 UNITED STATES OF AMERICA, Appellee, v. ANDREW P. LEPPO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Patti B. Saris, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya, Circuit Judge, _____________ and Stahl, Circuit Judge. _____________ ____________________ Robert M. Goldstein with whom Leppo & Leppo was on brief for ____________________ ______________ appellant. Jeanne M. Kempthorne, Assistant United States Attorney, with whom ____________________ Donald K. Stern, United States Attorney, was on brief for appellee. _______________ ____________________  February 10, 1998 ____________________ Per Curiam. Andrew Leppo pled guilty to charges Per Curiam. ____________ that he masterminded several schemes and conspiracies involving various forms of bank fraud and the sale of counterfeit computer equipment, in violation of 18 U.S.C. 371 & 2320. The district court sentenced Leppo to 37 months in prison and ordered him to pay some $2.6 million in restitution to fifteen different victims. On appeal, Leppo challenges both his sentence and the restitution order. We affirm. 1. Downward Departure ______________________ Leppo requested a downward departure under U.S.S.G. 5K2.13, based on psychiatric testimony that a pathological gambling compulsion had motivated his crimes. He argues that the district court refused to depart under 5K2.13 because it erroneously believed that it lacked authority to do so on the basis of Leppo s gambling disorder. Contrary to Leppo s characterization, however, the court explicitly stated at the sentencing hearing that it did have the discretion to grant ___ Leppo s requested departure, but that it found the exercise of such discretion to be inappropriate in this case. We are without jurisdiction to review the court s discretionary refusal to depart. See United States v. Rizzo, 121 F.3d 794, ___ _____________ _____ 798 (1st Cir. 1997). Second, Leppo argued below that this case featured "unusual" mitigating circumstances that placed it outside the -2- 2 "heartland" of the applicable guidelines (U.S.S.G. 2B5.3 & 2F1.1), in that the aggregate retail value of his counterfeit goods -- which was the predicate for a 14-step offense level enhancement -- had plummeted between the time of the infringing sales and the time of sentencing. Leppo contends that the district court misconstrued his argument as a request for downward departure under U.S.S.G. 2F1.1, application note 10. We see no indication that the court failed to comprehend Leppo s position. It is evident that the district court, observing that Leppo actually profited from the higher ________ retail prices prevailing at the time of his offenses, simply declined to attach any relevance to the post-offense price fluctuations at issue. The court therefore had no occasion to consider whether those fluctuations constituted a "mitigating circumstance" warranting an unguided departure; obviously, an irrelevant circumstance cannot mitigate the __________ ________ seriousness of an offense. The court s construction of Leppo s argument as a request for departure under application note 10 to 2F1.1 strikes us as a rather charitable reformulation of Leppo s position, not a misunderstanding of it. Because the court s denial of Leppo s second departure request was not based on any legal or factual mistake, that decision similarly is not subject to our review. See Rizzo, ___ _____ 121 F.3d at 798. -3- 3 2. Restitution _______________ Leppo raises two challenges to the restitution order, both for the first time on appeal. He argues (1) that the district court failed to evaluate his ability to pay, and (2) that the order overcompensated one of Leppo s victims, IBM. We agree with the government that Leppo clearly waived ______ his first argument, and probably waived the second, by specifically stating at the disposition hearing that he was content to "leave any restitution order to the discretion of the court." Even if Leppo s second argument was not waived, our review would be limited to plain error. See United States v. ___ _____________ Mitchell, 85 F.3d 800, 807 (1st Cir. 1996). Leppo suggests ________ that there is a "substantial risk" that the restitution order overcompensates IBM because IBM may have recouped some of its losses, but he fails even to hint at a reasonable estimate of the amount that IBM actually might have recouped; nor does he describe any plausible, practical method by which the district court could have calculated that amount. In any event, the district court was not required to fix the amount of its restitution order with absolute precision. See United ___ ______ States v. Vaknin, 112 F.3d 579, 587 (1st Cir. 1997). Here, ______ ______ the record clearly reflects that the court undertook a detailed review of the evidence in calculating the amount of loss suffered by IBM. Leppo s unsupported assertions fall -4- 4 far short of demonstrating any substantial error, much less plain error, in the district court s restitution order. Affirmed. Affirmed. ________ -5- 5